IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN EUNICE ALFONSO ARROYO,

    Plaintiff,

    v.

ZOIMÉ ÁLVAREZ RUBIO, et al.,

    Defendants.

CIVIL NO.: 10-1609 (MEL)

**OPINION AND ORDER**

**I.**    **Procedural History**

On July 2, 2010, plaintiff Carmen Eunice Alfonso Arroyo filed a complaint against the State Insurance Fund Corporation of Puerto Rico ("SIFC"); Zoimé Álavarez Rubio ("Álavarez"), SIFC Administrator, in her individual and official capacities; and Saúl Rivera Rivera ("Rivera"), Human Resources Director at the SIFC, also in his individual and official capacities. (Docket No. 1).[1] The complaint in essence alleges violations to plaintiff's freedom of expression and association rights under the First Amendment and due process rights under the Fourteenth Amendments to the Constitution of the United States and its parallel counterparts in the Constitution of the Commonwealth of Puerto Rico. (Docket No. 1 at 7-8).[2] In particular, plaintiff alleges that she was illegally removed and terminated from her position as Director of the Office of Risk Management

---

[1] The conjugal partnerships of Álvarez and Rivera as well as their respective spouses have been sued generically.

[2] The complaint also makes reference to various statutes: 42 U.S.C. §§1983, 1985 and 2000(d); Law No. 114 of May 7, 1942, 29 L.P.R.A. §140 *et seq.*; Law No. 100 of June 1959, 29 L.P.R.A. §146 *et seq.*; Law No. 5 of October 14, 1975, as amended, 3 L.P.R.A. §1331 *et seq.*; and Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. §5141.

because of her political affiliation. (Docket No. 1 at 3-7).

Pending before the court are a motion to dismiss filed by Álvarez and Rivera in their individual capacities (Docket No. 8); a motion to dismiss filed by SIFC, Álavarez in her official capacity and Rivera in his official capacity (Docket No. 10); plaintiff's response in opposition to both motions to dismiss (Docket Nos. 20 and 21); and a reply filed by SIFC and Álavarez and Rivera in their official capacities. (Docket No. 24).

## II.     Legal Analysis

We begin by noting that plaintiff has conceded that certain causes of action ought to be dismissed, in particular, those made pursuant to 42 U.S.C. §1985 (Docket No. 20 at 4; 21 at 1)[3]; 42 U.S.C. §2000d[4]; the Due Process Clause of the Fourteenth Amendment to the United States Constitution and its counterpart under the Puerto Rico Constitution (Docket No. 20 at 3; 21 at 4); Law No. 5 of October 14, 1975, as amended, 3 L.P.R.A. §1331 *et seq.*, which has been repealed (Docket No. 20 at 5); and Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. §5141. (Docket No. 20 at 4). Therefore, all these claims are DISMISSED WITH PREJUDICE.

The complaint is also making a claim under Law No. 114 of May 7, 1942, 29 L.P.R.A. §140 *et seq.* Law 114 "imposes criminal penalties on defendants who commit political discrimination. It is improper for plaintiff to seek criminal penalties through the civil litigation system. The correct

---

[3]As to subsection (1) of 42 U.S.C. §1985, the same is inapplicable to the case at bar because its protections "extend exclusively to the benefit of federal officers." Canlis v. San Joaquín Sheriff's Posse Comitatus, 641 F.2d 711, 717 (9th Cir. 1981). Subsection (2) is equally unavailable, as the same pertains to allegations of obstruction of justice which are absent here. Finally, "[r]ecognizing a claim under §1985(3) for discrimination due to political affiliation would open the federal courts to a wide variety of claims... We thus decline to extend §1985(3)'s protection to political affiliation. We thus hold that §1985(3) provides no remedy for animus on the basis of political beliefs." Pérez Sánchez v. Public Building Authority, 531 F.3d 104, 109 (1st Cir. 2008) (citation omitted).

[4]As Section 2000d addresses allegations of discrimination on the basis of race, color or national origin and those allegations are absent in the complaint, the complaint's reference to this statutory provision is untenable.

procedure in the criminal sphere is to allow law enforcement and prosecutorial authorities to fulfill their functions." Berríos Cintrón v. Cordero, 976 F.Supp. 110, 111 n.3 (D.P.R. 1997). Therefore, plaintiff's claims under Law 114 are also DISMISSED WITH PREJUDICE.

Turning now our attention to plaintiff's 42 U.S.C. §1983 claim that her rights under the First Amendment have been violated due to her political affiliation, for purposes of the pending motions the court "accept[s] as true 'all well-pleaded factual averments and indulg[es] all reasonable inferences in plaintiff's favor.'" Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). Plaintiff has been a career employee at the SIFC who has always performed her job related duties in a satisfactory manner. (Docket No. 1 at ¶¶16-17). In January 2009, Álvarez, a member of the New Progressive Party ("NPP"), was appointed as Administrator of the SIFC. (Docket No. 1 at ¶¶10, 18, 23). At the time of the incidents in controversy, Rivera, also a member of the NPP, was the SIFC's Human Resources Director. (Docket No. 1 at ¶12). Plaintiff, however, was "perceived by the defendants to be an active member of the [Popular Democratic Party] PDP." (Docket No. 1 at ¶25). On April 30, 2010, plaintiff received a letter signed by Álvarez removing her from her position as Director of the Office of Risk Management. (Docket No. 1 at ¶¶9, 20). According to said letter, plaintiff's dismissal was a consequence of the fact that a previous reclassification of her position from one of trust to that of a career employee was null and void. (Docket No. 1 at ¶21).

The complaint does not contain any other relevant factual allegations. The complaint, however, contains plenty of conclusory allegations such as: "Álvarez ... [and] Rivera conspired to discriminate and/or discriminated against plaintiff by depriving her of the property interest that she had in her employment ... all because of her perceived affiliation to the PDP." (Docket No. 1 at ¶19).

"As a result of the conduct of defendants, plaintiff has been publicly humiliated, she has been professionally denigrated, she has been stigmatized, and she has suffered emotional pain and suffering." (Docket No. 1 at ¶26). "The actions of defendants were motivated by plaintiff's political beliefs, or by defendants' understanding of plaintiff's political beliefs...." (Docket No. 1 at ¶29). "Defendants acted against plaintiff in a deliberate fashion, with the bad faith knowledge that they were violating plaintiff's federal and locally secured rights." (Docket No. 1 at ¶30). The court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Conclusory allegations are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief can be granted. In order to survive a motion to dismiss, plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).

All we know from the facts alleged in the complaint regarding the political discrimination claim is that Álvarez and Rivera are members of the NPP and that plaintiff was perceived as being an active member of the PDP. We have no allegations hinting as to whether plaintiff in fact was a member of the PDP, as to how – if at all – Álvarez and Rivera knew of plaintiff's political ideology, or even a factual basis from which a reasonable inference could be drawn that plaintiff's political ideology was a motivating factor in the decision to remove her from her position as Director of the Office of Risk Management. "While Twombly does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.' Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which ... [her] claim rests through factual allegations sufficient 'to raise a right to relief above the

speculative level.'" Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 133 (D.P.R. 2007) (quoting Twombly, 550 U.S. at 555-56) (citation omitted).[5]

To prevail on a claim of political discrimination, a plaintiff must establish that i) plaintiff and defendant belong to opposing political affiliations, ii) the defendant has knowledge of plaintiff's political affiliation, iii) a challenged employment action occurred, and iv) plaintiff's political affiliation was a substantial or motivating factor behind it. See Welch v. Ciampa, 542 F.3d 927, 938-39 (1st Cir. 2008) (citing Peguero-Moronta v. Santiago, 464 F.3d 29, 48 (1st Cir. 2006)). With the exception of the adverse employment action prong, the complaint in the case at bar is vulnerable as it is devoid of factual allegations to meet the remaining *prima facie* steps of plaintiff's First Amendment claim. In sum, the court will not engage in speculation to fill the gaps of the complaint. Therefore, plaintiff's First Amendment claim is DISMISSED WITH PREJUDICE.

Puerto Rico's Law 100 prohibits, *inter alia*, discrimination on the basis of political affiliation and political ideology. 29 P.R. Laws Ann. §146. In light of the aforementioned analysis regarding plaintiff's First Amendment claim, her cause of action under Law 100 is likewise DISMISSED WITH PREJUDICE.

WHEREFORE, for the reasons stated above, the motions to dismiss are GRANTED. The complaint – and all causes of action contained therein – is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of March, 2011.

                                                                s/Marcos E. López
                                                                 United States Magistrate Judge

---

[5] Although Twombly was decided in the antitrust context, the Supreme Court has held that the standard expounded in that decision applies to "all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009).